IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Henry Earl Miller,<br><br>       Plaintiff,<br><br>v.<br><br>Robert M. Ariail,<br><br>       Defendant. | Case No.: 6:20-cv-01830-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the Court for review of the August 10, 2020 Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 23]. In the Report, the Magistrate Judge recommends that the District Court dismiss this action with prejudice, without issuance and service of process, and without leave for further amendment pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. *Id.* Plaintiff filed objections to the Report on August 21, 2020. [ECF No. 25]. Defendant did not reply to Plaintiff's objections, and the time to do so has passed. *Id.* For the reasons outlined herein, the Court adopts the Report in its entirety.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of only those portions of the Report to which specific objections have been made, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C.

1

§ 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. Of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than just a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to – including those portions to which only 'general and conclusory' objections have been made – for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

**DISCUSSION**

Plaintiff's objections are generally stated, nonspecific, and conclusory. A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, Plaintiff's objections fail to direct the court to any specific error in the Magistrate Judge's proposed findings and recommendations. Instead, the objections generally denounce the legal process and concern issues related to Plaintiff's motion for compassionate release in his separate criminal matter, *USA v. Miller et al*, Case No. 6:04-cr-00022-MGL. *See* [ECF No. 25]. Plaintiff states in his objection that "all the caselaw quoted by the Honorable Magistrate Judge Kevin McDonald appear [sic] to be valid and pertinent to the case at bar." *Id* at 2. Accordingly, the objections have the same effect as would a failure to object.

Having found that Plaintiff fails to articulate a specific written objection, the Court reviews the entire Report for clear error. *Staley*, 2007 WL 821181, at *1 (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47). After a thorough review of the Report, the applicable law, and the record of this case in accordance with the applicable standard of law, the Court adopts the Report in its entirety and hereby incorporates the Report by reference.

**CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error, adopts the Report, and incorporates the Report by reference herein. Accordingly, this action is DISMISSED with prejudice, without issuance and service of process, and without leave for further amendment.

IT IS SO ORDERED.

July 13, 2021  
Florence, South Carolina

/s/Sherri A. Lydon  
Sherri A. Lydon  
United States District Judge